THE PEOPLE *ex rel.* THE EDISON ELECTRIC ILLUMINAT-
ING COMPANY OF NEW YORK, Respondent, *v.* EDWARD
WEMPLE, Comptroller, etc., Appellant.

*Court of Appeal, January* 20, 1892.

1. *Taxes. Exemption.*—An electric light company was, prior to enact-
   ment of chap. 353 of 1889, exempt from the payment of taxes to the
   state.
2. *Same.*—The fact that such corporation was not organized under the
   General Manufacturing Act did not affect its character as a manufactur-
   ing corporation. .

Appeal from judgment of the supreme court, general term,
third department, modifying the determination of the state
comptroller in levying and assessing taxes upon the franchise
and business of the relator, by deducting from the aggregate
of the taxes and penalties the aggregate of the penalties
above ten per centum.

*Eugene H. Lewis,* for respondent.

*Chas. F. Tabor,* attorney-general, for appellant.

O'BRIEN, J.—The questions involved in this case are the
same as those passed upon by us at this term in the case of
The People *ex rel.* Brush Electric Illuminating Company
*v.* Wemple, comptroller, etc. The record does not show any
material difference in the facts out of which the questions
arise. The relator was incorporated December 16, 1880,
under chap. 37 of the Laws of 1848, providing for the incor-
poration of gas companies, whereas the relator in the other
case was incorporate under what is known as the act for in-

corporating manufacturing companies, passed the same year. We do not think it is material how or under what particular statute the relator came into existence as a corporation. The material question is whether, during the years for which the tax in question was paid, it was engaged in business as a manufacturing company within this state. It was incorporated subsequent to the passage of the act, chap. 512, Laws of 1879, authorizing gas companies to engage in the business of supplying electric currents for purposes of illumination. Since its incorporation, the relator's sole business has been the manufacture and sale of electric currents for purposes of illumination within the city of New York, and its entire capital has been and is employed in that business. The relator made the report and paid the taxes under chap. 542 of the Laws of 1880, as amended by chap. 361 of the Laws of 1881, for the years 1886, 1887 and 1888, but made no reports and paid no taxes for the years 1881 to 1885 inclusive. The comptroller caused an investigation of its affairs to be made, and on the 21st of February, 1890, settled an account against it for taxes and penalties amounting to $5,090.45, and served a copy of the same. No warrant was issued to collect the tax, but the relator, on March 24, 1890, paid it into the state treasury. On July 2, 1890, it filed an application in the form of a petition, accompanied by affidavits showing the nature of its business, with the comptroller, asking that the account settled against it for taxes be revised and resettled under the act of 1889.

On November 26, 1890, the comptroller denied this application, and on the 26th of December, 1890, the relator upon a petition gave notice of an application for the writ of *certiorari*, on the 5th of January, 1891, which was allowed. The general term modified the determination of the comptroller by deducting a considerable sum for penalties which had been included in the account as settled, and as thus modified the decision of the comptroller was affirmed. The state could not lawfully demand the tax if the relator was a man-

ufacturing corporation, and we have held in the case of the Brush company that it was, and as such was exempt from payment of the tax for the years for which it was assessed.

The judgment of the general term and determination of the comptroller should, therefore, be reversed on the relator's appeal, and the comptroller directed to resettle the account and credit to the relator the amount of the tax and penalties paid, with costs in all courts.

All concur.